UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-21391-CIV-ROSENBERG

YIDAREUS T. MCINTYRE,

    Plaintiff,

v.

CORRECTIONAL OFFICER A. VITAL,
CORRECTIONAL OFFICER MARCO,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT VITAL'S MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon the Motion to Dismiss Amended Complaint filed by Defendant Vital ("Motion to Dismiss") [DE 25]. Plaintiff neither filed a response to the Motion nor requested an extension of time to do so.[1] The Court has carefully reviewed the Motion to Dismiss, Plaintiff's Amended Complaint [DE 11], the record, and is otherwise fully advised in the premises. For the following reasons, Defendant's Motion to Dismiss is **GRANTED.**

### I.    BACKGROUND

On August 30, 2023, Plaintiff filed his Amended Complaint, which is the operative complaint in this proceeding. DE 11. The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915A and found that it plausibly alleged a Fourteenth Amendment deliberate indifference to serious medical needs claim against Defendant Vital and Defendant Marco in their

---

[1] Plaintiff's response was due on or before February 14, 2024 [DE 25].

- 1 -

individual capacities only. DE 14 at 6. On December 20, 2023, Defendant Vital was served.[2] DE 23. On January 31, 2024, Defendant Vital filed the instant Motion to Dismiss, seeking to be dismissed from the Second Amended Complaint based on qualified immunity. DE 25.

## II.  LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Unsupported factual allegations and legal conclusions, however, are not entitled to the presumption of truthfulness. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A complaint's "well-pled allegations must 'nudge the claims across the line from

---

[2] Defendant Marco has not been served. DE22.

conceivable to plausible.'" *Hays v. Page Perry, LLC*, 627 F. App'x 892, 896 (11th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555, 570)). When the plaintiff is proceeding pro se, the Court must interpret the complaint liberally because pro se pleadings are held to "less stringent standards than those drafted by an attorney." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation omitted). Qualified immunity applies only to state actors in the performance of their official "discretionary functions." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263-64 (11th Cir. 2004). Once a Court finds a discretionary function, the burden shifts to the plaintiff to demonstrate that qualified immunity does not apply. *Id.* To meet this burden, a plaintiff must satisfy a two-step test: (1) he must show that the defendant committed a constitutional violation, and (2) he must show the constitutional right at issue was "clearly established" at the time of the violation. *Id.*

### III. DISCUSSION

Defendant Vital is entitled to qualified immunity at the first *Harland* step because Plaintiff fails to plausibly allege that he violated Plaintiff's constitutional rights. 370 F.3d at 1264. Specifically, the Amended Complaint fails to allege facts giving rise to an inference that Defendant Vital was subjectively aware that Plaintiff had a serious medical need. *Iqbal*, 556 U.S. at 679. To state a claim for deliberate indifference, a plaintiff "must satisfy both an objective and a subjective inquiry." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020). To demonstrate the subjective element, a plaintiff must plausibly allege that the defendant "(1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more

than gross negligence." *Id.* (citing *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1234 (11th Cir. 2010)).

Plaintiff fails to allege that Defendant Vital had subjective awareness that Plaintiff faced a risk of serious harm. The totality of Plaintiff's allegations against Defendant Vital in the Second Amended Complaint are as follows:

> I sat shackled for about 20 mins until Officer Vital made his check, I informed Officer Vital that I was in need of medical attention and he told me to wait. I sat shackled to the bench until Officer Vital made his next scheduled check that's when I told Vital for a second time that I need medical attention and he again told me to wait . . . . I saw on the bench not knowing that I was suffering from internal bleeding for an additional (10) mins until Officer Marco came and walked me to the elevator.

DE 11 at 3–4. Notably, Plaintiff does not allege that he told Defendant Vital that he had been stabbed in the chest. Instead, Plaintiff alleges that he told Defendant Marco that he was stabbed in the chest. *Id.* at 4. Plaintiff avers that he notified Defendant Marco *after* Plaintiff was taken away from Defendant Vital. *Id.* at 4. Any awareness that Defendant Marco had of Plaintiff's medical need cannot be imputed to Defendant Vital. *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) ("[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference."). Indeed, Plaintiff acknowledges that he did not realize that he was "suffering from internal bleeding" until after he left Defendant Vital. DE 11 at 4. Plaintiff makes no claim that Defendant Vital was aware of Plaintiff's stab wound, or any other serious medical need, at the time that Defendant Vital interacted with Plaintiff. As such, the Second Amended Complaint fails to state a claim against Defendant Vital because it fails to allege facts from which an inference can be drawn that this defendant had subjective knowledge of a risk of serious harm to Plaintiff. *See Ireland v. Prummell*, 53 F. 4th 1274, 1287 (11th Cir. 2022) (affirming dismissal on summary judgment based on defendant's lack of subjective awareness where "[t]he record

evidence establishes only that another inmate (not an officer) heard [the prisoner's] statement that [he] needed medical aid for his delirium tremens").

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss [DE 25] is **GRANTED**.

(2) Plaintiff's Second Amended Complaint is **DISMISSED** as to Defendant Vital.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 23rd day of February, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc:   **Counsel of Record**

**Yidareus T. McIntyre**, *PRO SE*
210136888
Miami-Dade County
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125

**Yidareus T. McIntyre**, *PRO SE*
Florida Department of Corrections
Martin Correctional Institution
Inmate Mail/Parcels
DC # S50859
1150 SW Allapattah Road
Indiantown, Florida
34956-4397