PROVIDED TO MARTIN CORRECTIONAL INSTITUTION ON 3/12/24 FOR MAILING

FILED BY _____ D.C.
MAR 25 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

YIDAREUS T. McINTYRE

    Plaintiff,

v.                                    CASE NO. 23-21391-CIV-ROSENBERG

CORRECTIONAL OFFICER
A. VITAL, et al.,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR THE COURT'S ASSISTANCE IN DISCOVERY AS TO THE PROPER IDENTITY OF DEFENDANT "MARCO"; AND
## PLAINTIFF'S NOTICE OF HIS CURRENT ADDRESS

COMES NOW Plaintiff, Yidareus T. McIntyre, Pro Se, moving this Honorable District Court pursuant to Fed. R. Civ. P. 7 and this Court's "Final Order Directing Plaintiff To Provide Information To Effect Service On Defendant Marco" issued 1-23-2024 for the Court's assistance in discovery as to the proper identity of Defendant "Marco"; and also provides notice of his current address as required by Local Rule 11(G) and states the following.

1. This Court, sua sponte, entered its "Order Directing Plaintiff To Provide More Information For Service Of Process" on 1-11-2024 as a consequence of the U.S. Marshal's contact with the "Shift Commander" at the facility where Defendant "Marco" was/is employed claiming: "there is no Officer 'Marco' working at the facility".

2. The 1-11-2024 Order instructed Plaintiff pursuant to 28 U.S.C. § 1915(d) that "It Is The Prisoner's Responsibility [...] To Provide Sufficient Identification By Full Name, Title, If Any Address, Together With A Physical Description Of The Individual Defendants In Order To Assist The Court In Accomplishing Service Upon The Defendants." The Court went on asserting: "Plaintiff may, for example, obtain information by requesting copies of any reports of the incident

3. The above mentioned 1-11-2024 Order, however, was not served upon the Plaintiff

until well after the proscribed 2-9-2024 deadline to furnish answer by notice to the Court providing sufficient information on Defendant "Marco" to enable service of the second amended complaint due to the said order being mailed to the previous service address, to wit: Miami-Dade County Pretrial Detention Center, Inmate Mail/Parcels, 1321 NW 13th St. Miami, FL. 33125; and then having to be forwarded to his current FL.D.O.C. address listed below.

4. Plaintiff did in fact exercise the admonition of the Court and requested by letter to: Miami-Dade County Pre-Trial Detention Center in Miami FL, the roster of active duty Deputy Jailor's working on the shift spanning 2:00 A.M. on May 25, 2022 in order to make a more specific, full-name declaration with regard to Defendant "Marco" which was mailed on 2-__-2024 and to-date has yet to be responded to.

5. Plaintiff does concede and accept responsibility for his Pro Se ignorant mistakes in failing to furnish the Court with notice as to his change of address and that he was to be tardy in responding to the order demanding information concerning Defendant "Marco", however, the Plaintiff humbly requests this Court remember he is acting Pro Se and to please issue leiway within this matter and assist his efforts in furnishing the Court with the information required to proceed against Defendant "Marco". See, Erickson v. Pardus, 551 U.S. 89(2007)(citing, Haines v. Kerner, 404 U.S. 519(1972)

6. The Court has now issued it's final order directing Plaintiff to provide information to effect service on Defendant "Marco", sua sponte demanding Plaintiff submit a notice to the Court providing additional information about Defendant Marco sufficient to enable service of the amended complaint to be effectuated on Defendant "Marco" on or before 3-15-2024 at which said final order makes recognition that Plaintiff had not been receiving the Court's previous notice's.

7. Plaintiff is at the mercy of this Court's resources and discretion to assist him in his endeavours to comply with the Court's demands being indigent and Pro Se before it.

8. Being that the facility at which the claimed civil violation occurred is unresponsive to Plaintiff's attempt to procure discovery documents and records, to wit: staff roster for 2:00 A.M. on May 25, 2022, the Plaintiff turns to established case law to assert and claim the benefits, rights and privileges available to the indigent Pro Se litigant and hereby invokes this Court's assistance to identify the correct Defendant, which the federal courts have held that the District Courts have a duty to assist Pro Se Plaintiff's

ii

In identifying such. See Valentin v. Dimetas, 121 F. 3d 72, 75 (2d Cir. 1997) Holding when "A Party Is Ignorant Of Defendants' True Identity, It Is Unnecessary To Name Them Until Their Identity Can Be Learned Through Discovery Or Through The Aid Of The Trial Court"

See Also, Donald v. Cook County Sheriff's Dept., 95 F. 3d 548, 555-56 (7th Cir. 1996) "To The Extent The Plaintiff Faces Barriers To Determining The Identities Of The Unnamed Defendants, The Court Must Assist The Plaintiff In Conducting The Necessary Investigation."

See Also, Spencer v. Doe, 132 F. 3d 107, 113 (2d Cir. 1998) (Holding District Court Inappropriately Dismissed Case Though Plaintiff Had Moved For Assistance In Identifying Defendants.)

9. The Plaintiff Is Not Intending To Overburden The Court, However, The Defendants Acting Under Color Of State Law In This Claim Were Deliberately Indifferent To The Plaintiffs Serious Medical Needs Which Almost Cost Him His Life And Plaintiff Has The Right To Hold Them Accountable For Their Actions.

10. If The Court Feels The Instant Prayer For Relief Is Burdensome The Plaintiff, In The Alternative, Would Move This Court For The Appointment Of Counsel To Remedy The Pro Se Burden And Failings Anticipated By The Term Itself.

11. The Plaintiffs Recent Address Is: Yidareus T. McIntyre, D.C.# S50859; Martin Corr. Inst., 1150 S.W. Allapattah Road, Indiantown, FL. 34956-4397

12. Plaintiff, As A Side Note, Eagerly Awaits The Requested Relief To Amend And The Hard Copy Of The "Second Amended Complaint" To Accomplish Such As Moved For Two (2) Weeks Ago.

WHEREFORE, Plaintiff, Being Pro Se And Indigent Before This Honorable Court Prays This Court Issue An Order Granting Assistance, Be It By Discovery Or Through The Appointment Of Counsel Or Some Other Just Means Decided By It, In Order For The Plaintiff To Proceed Against The Correct Defendant[s] Marco And Further, Does Hereby Furnish Notice Of Current Address In Compliance With This Courts Final Order Issued 2-23-2024 In The Above Styled Action.

Respectfully Submitted,

/s/ 

Pro Se
Yidareus T. McIntyre # S50859

iii

## OATH

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED THIS 11TH DAY OF MARCH 2024

PRO SE
YIDAREUS T. MCINTYRE #850859

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN FURNISHED TO FL.DOC OFFICIALS FOR MAILING TO- U.S. DIS. CT. SHN FLA, 400 N. MIAMI AVE, MIA, FLA 33128-7716 ON THIS 11 DAY OF MARCH 2024.

YIDAREUS T. MCINTYRE #850859
MARTIN C.I.
1150 SW ALLAPATTAH RD
INDIANTOWN FL. 34956

Y/Dailey, [illegible]
DC# S60659
Martin Correctional Institution
1150 SW Allapattah Road
Indiantown, FL 34956-1097

WEST PALM BCH FL 334
14 MAR 2024 PM 1 L

PROVIDED TO YM
MARTIN CORRECTIONAL INSTITUTION
ON 3/12/24
FOR MAILING LS

"Legal Mail"
[illegible] 2024

United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

REC'D BY_____D.C.

MAR 25 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI