PROVIDED TO MARTIN CORRECTIONAL INSTITUTION ON 3-22-24 Y.M. FOR MAILING

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

YIDAREUS T. MCINTYRE
    PLAINTIFF,

v.                      CASE NO. 23-21391-CIV-ROSENBERG

CORRECTIONAL OFFICER
    A. VITAL, ET AL.,
        DEFENDANTS.
_____/

FILED BY MC D.C.
MAR 27 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## RELIEF FROM ORDER PER RULE 60(b)(6)

COMES NOW PLAINTIFF YIDAREUS T. MCINTYRE, PRO SE, MOVING THIS HONORABLE COURT PURSUANT TO FED. R. CIV. P. 60(b)(4) &/OR (b)(6) FOR RELIEF FROM THIS COURT'S "ORDER GRANTING DEFENDANT VITAL'S MOTION TO DISMISS AMENDED COMPLAINT" AND IN SUPPORT OF SUCH STATE'S THE FOLLOWING:

1. THIS COURT ENTERED IT'S "ORDER GRANTING DEFENDANT VITAL'S MOTION TO DISMISS AMENDED COMPLAINT" IN THE ABOVE STYLED ACTION ON 2-23-2024 DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT AS TO DEFENDANT VITAL.

2. PLAINTIFF HUMBLY REMINDS THIS HONORABLE FEDERAL COURT THAT HE IS STANDING BEFORE THIS COURT PRO SE AND INDIGENT AND PLAINTIFF PRAYS THIS COURTS LIBERAL AND LENIENT STANDARD OF REVIEW OVER IT'S HANDLING OF THIS CASE AND THE INSTANT MOTION. SEE, ERICKSON v. PARDUS, 551 U.S. 89, 94 (2007)

3. FOR THE FOLLOWING LEGAL EXCEPTIONS CLAIMED FROM THE FACE OF THE RECORD, THE PLAINTIFF SUBMITS THE ORDER ISSUED 2-23-2024 MUST BE SET ASIDE OR VACATED.

4. THE PLAINTIFF ASSERTS THAT ALTHOUGH EVERY ORDER FROM THIS COURT DELINEATE'S THE PLAINTIFF'S CURRENT ADDRESS TO WIT: YIDAREUS T. MCINTYRE, PRO SE, FLORIDA DEPARTMENT OF CORRECTIONS, MARTIN CORRECTIONAL INSTITUTION, INMATE MAIL/PARCELS DC# S50859, 1150 SW ALLAPATTAH ROAD, INDIANTOWN FLORIDA 34956-4397, HE DOES NOT RECEIVE SERVICE OF THIS COURT'S ORDERS AS ADDRESSED ABOVE BUT IN FACT THIS COURT HAS BEEN MAILING IT'S ORDERS TO: SOUTH FLORIDA RECEPTION CENTER, YIDAREUS T. MCINTYRE 210136888, 14000 NW 41ST STREET, DORAL, FL. 33178 AND

Plaintiff must await that address by it's agent to forward the mail to his current address at Martin C.I.. (See, Order's Issued 2-23-2024 Pg.# 3 - "Final Order Directing Plaintiff To Provide Information To Effect Service On Defendant Marco" & Pg # 4 "Order Of Instructions To Pro Se Parties"; Order Issued 2-23-2024 Pg # 5 - "Order Granting Defendant Vital's Motion To Dismiss Amended Complaint").

5. Plaintiff asserts that all the above cited orders in ¶ 4 were issued the same day 2-23-2024 however, being mailed to the incorrect address, Plaintiff was not served the orders by M.C.I. "Institutional Legal Mail" Dept. Until Approx. Three (3) weeks after they were done and ordered and that, not even on the same date but three (3) seperate days. (Plaintiff has submitted a DC6-236 "Inmate Request" seeking a print-out of the institutional legal mail service log as supporting evidence which shall take time to receive. If required, please order such. Plaintiff does not recall the specific dates of service but affirms them to be spanning last week 3-11-2024 → 3-15-2024).

6. Plaintiff has not been afforded the "full and fair" opportunity to interact with this Court as "Due Process" guarantee's "Notice and the opportunity to be heard", the most basic concepts of civil process. See, Brown v. D.C., 66 F.Supp. 2d 41, 45 (D.D.C. 1999) stating:

"[P]laintiff was simply not afforded the most basic process —
An opportunity to know the basis on which a decision
Will be made and to present his views on that issue or
Issues."

7. Plaintiff asserts that this Court has delineated two (2) addresses on page five (5) of the most important of the 2-23-2024 orders, the "Order Granting Defendant Vital's Motion To Dismiss Amended Complaint" which is the section listing "cc" and Plaintiff has not yet been served a piece of mail, let alone the cited order, that has been mailed to Martin [C.I.] as the order purports as listed but rather has been made to await the order being forwarded at the whim of the recipient at an erroneous address which has denied Plaintiff adequate notice and opportunity to be heard thus "Due Process" has been abrogated voiding this Courts order for lack thereof. See, Smith v. Muccino, 223 F.Supp. 2d 396, 403-04 (D.Conn. 2002)

8. Plaintiff submits that all the previous orders of this Court starting from this Courts "Screening Order Permitting Complaint To Proceed In Part" issued 10-19-2023 and including but not limited to this Court's "Order Directing Plaintiff To Provide More Information For Service of Process" and "Alex Vital's Motion To Dismiss The Second Amended Complaint", the former filed on 1-11-2024 the later on 1-31-2024, were all mailed to the wrong address analogous to the last order however, Plaintiff notes the "c.c." section omits M.C.I. as an address, the Plaintiff suffered the same deleterious effects of abrogated due process which this Court

ii

Even took notice of in its "Final Order Directing Plaintiff to Provide Information to Effect Service on Defendant Marco," at Pg #1 ¶ 2

"It appears that Plaintiff may not be receiving filings in this case."

However this Court, that same day, entered its "Order Granting Defendant Vital's Motion to Dismiss Amended Complaint".

9. The Plaintiff also asserts that this Court routinely serves on Pro Se litigants a gratuitous "Order of Instructions to Pro Se Parties" as was done in the instant action on 2-23-2024, the same day this Court granted dismissal against Defendant Vital.

10. The Court did not afford an opportunity for Plaintiff to comply with instructions before holding him accountable therewith.

11. The failure of a Pro Se litigant to understand proper procedures with the Court's knowledge of such without affording the litigant adequate instructions and time to comply has been a claim requiring relief under Rule 60(b)(6) recognized by the Federal Courts for some time now. See, Gil v. Vagilano, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).

12. Furthermore, before the Plaintiff was served any of this Court's 2-23-2024 Orders he filed several motions with this Court seeking amendment to the complaint and other relief not ruled on to date. This also requires setting aside the order granting dismissal for proper de novo consideration of the merits by this Court. See, Jones v. Lincoln Elec. Co., 188 F.3d 709, 732 (7th Cir. 1999).

WHEREFORE, being that the Plaintiff has demonstrated: 1. Lack of proper notice and opportunity to be heard abrogating Due Process; 2. Pro Se Instructions untimely furnished by the Court without an opportunity to comply; and 3. That this Court had outstanding motions for relief to remedy Pro Se failings before it when it entered its order granting dismissal; An affirmative entitlement to relief from this Court's "Order Granting Defendant Vital's Motion to Dismiss Amended Complaint" is apparent and this Court should set aside, vacate or issue whatever relief necessary under Rule 60.

Respectfully submitted,

/s/ 3/25/24
Andrew J. McIntyre #S50859

iii

## OATH

I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER PENALTIES OF PERJURY. EXECUTED THIS 20TH DAY OF MARCH 2024

PRO SE
YIDANEUS T. McINTYRE # S50859

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY HAS BEEN FURNISHED TO FL. DOC STAFF FOR MAILING TO: U.S. DIST. CT STHN DIST FL., 400 N MIAMI AVE, MIAMI FL. 33128-7716 AND A. VIDAL, 1321 NW 13TH ST. MIAMI FL. 33125 ON THIS 20TH DAY OF MARCH 2024.

YIDANEUS T. McINTYRE #S50859
M.C.I.; 1150 SW ALLAPATTAH RD
INDIANTOWN FL. 34956

iv

YIDAREUS T. MCINTIRE #S30859
MARTIN CORRECTIONAL INSTITUTION
1150 S.W. ALLAPATTAH ROAD
INDIANTOWN FL. 34956

WEST PALM BCH FL 334

22 MAR 2024 PM 2 L

U.S. DIST. COURT
400 N MIAMI AVENUE
MIAMI FL. 33128-7716

PROVIDED TO MARTIN
CORRECTIONAL INSTITUTION
ON 3-22-24
FOR MAILING

33128-771699