UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-21391-CIV-ROSENBERG

YIDAREUS T. MCINTYRE,

       Plaintiff,

v.

CORRECTIONAL OFFICER MARCO,

       Defendant.
_____/

**ORDER GRANTING IN PART DE 32 AND DE 34, REINSTATING
DEFENDANT MARCO, AND DIRECTING ISSUANCE OF NON-PARTY SUBPOENA**

**THIS CAUSE** is before the Court on Plaintiff's Motion for the Court's Assistance in Discovery as to the Proper Identity of Defendant "Marco" [DE 32] and Plaintiff's Motion for Relief From Order Per Rule 60(b)(6) [DE 34].

## I.   FACTUAL BACKGROUND

On August 30, 2023, Plaintiff filed his Amended Complaint DE 11. After screening pursuant to 28 U.S.C. 1915A, the Court permitted the Amended Complaint to proceed against Defendant Vital and Defendant Marco. DE 14. On January 31, 2024, Defendant Vital filed his Motion to Dismiss, DE 25, which the Court granted on February 23, 2024. DE 27. On March 21, 2024, the Court dismissed Defendant Marco from the case because Plaintiff failed to comply with the Court's orders requiring that he file a notice providing additional information about Defendant Marco to effect service. DE 31 (citing Fed. R. Civ. P. 4(m), *Moon v Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Plaintiff's deadline to file this notice was March 15, 2024. DE 28 at 2. Unbeknownst to the Court at the time it dismissed Defendant Marco, Plaintiff had actually timely

- 1 -

filed his notice on March 12, 2024 by handing it to prison authorities for mailing, even though the notice was not docketed filed March 25, 2024. DE 3 at 5.[1]

## II. LEGAL STANDARD AND DISCUSSION

Plaintiff seeks relief pursuant to Rule 60(b). DE 34. Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." *Marsh v. Dep't of Children & Families*, 259 F. App'x 201, 205 (11th Cir. 2007) (citing Fed. R. Civ. P. 60(b)).

The order dismissing Defendant Marco, DE 31, is vacated because the Court made a mistake of fact in determining that Plaintiff did not file a timely notice. Fed. R. Civ. P. 60(b)(1). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corr.,* 820 F.3d 1278, 1286 (11th Cir. 2016) (internal quotations and citations omitted). Plaintiff signed the filing and delivered it to prison officials for mailing on March 12, 2024, which was before the March 15, 2024, deadline. Courts are to assume that the date the prisoner signed the filing is the date the prisoner handed it to authorities for mailing. *Id*. (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). As such, the Court made a mistake of fact in dismissing Defendant Marco for non-service.

---

[1] Plaintiff's "Motion for the Court's Assistance in Discovery as to the Proper Identity of Defendant 'Marco'" constitutes the type of notice the Court required Plaintiff to file. *See* DE 24, 28. In response to the Court's admonition to determine additional information about Defendant Marco, Plaintiff "requested by letter to Miami-Dade County Pretrial Detention Center the roster of active duty deputy jailors working on the shift spanning 2:00 a.m. on May 25, 2022" but this request was unanswered. DE 32 at 2.

Next, Plaintiff seeks to vacate the Court's order granting Defendant Vital's Motion to Dismiss. DE 34. Plaintiff claims that the Motion to Dismiss was "mailed to the wrong address" because it was sent to South Florida Reception Center in Doral, Florida, instead of to Martin Correctional Institution in Indiantown, Florida. *Id.* at 2. Plaintiff is correct that the Motion to Dismiss was mailed to him at South Florida Reception Center on January 31, 2024. *See* DE 25 at 9. However, this was not the wrong "wrong address" because, at that time, Plaintiff's address of record was not Martin Correctional Institution. His address of record was the Miami-Dade County Pretrial Detention Center. *See* DE 1 (noting Miami-Dade County Pretrial Detention Center as address on initial complaint). Martin Correctional Institution became Plaintiff's address of record on March 25, 2024, when Plaintiff filed his first and only change of address notice. DE 32. Accordingly, Plaintiff failed to comply with Local Rule 11(g), requiring that he update his contact information within seven days of moving. *See* Rule 11(g), Southern District of Florida Local Rules. Plaintiff's failure to comply with local rule does not compel the Court to vacate its order granting Defendant Vital's Motion to Dismiss. *See Normet v. Newton Cnty. Sheriff's Dep't*, 352 F. App'x 316, 318 (11th Cir. 2009). In any event, the record reflects that Plaintiff called the Clerk of Court approximately one week prior to Defendant Vital filing his Motion to Dismiss. A docket entry on January 24, 2024 notes that "copy of DE#24 ORDER DIRECTING PLAINTIFF TO PROVIDE MORE INFORMATION FOR SERVICE OF PROCESS, and a summons form AO440 mailed to [Plaintiff] . . . at South Florida Reception Center . . . per a phone request."[2]

---

[2] When the Court inquired about the identity of the caller to the Clerk, the Clerk related that Plaintiff had called "a few times."

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's [DE 32] Motion to Compel Discovery is **GRANTED IN PART**. Plaintiff's request for appointment of counsel [DE 32 at 3] is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's [DE 34] Motion for Relief from Order Per Rule 60 is **GRANTED IN PART**. The Clerk is **INSTRUCTED** to reopen this case and to **REINSTATE** Defendant Marco as a party.

3. The Clerk is **INSTRUCTED** to issue a subpoena pursuant to Fed. R. Civ. P. 45 directed to Miami-Dade County Corrections and Rehabilitation Department to provide Plaintiff, on or before April 24, 2024, with the true name of Defendant Marco identified in Plaintiff's Second Amended Complaint (a deputy working the 11:00 p.m.–7:00 a.m. shift May 24–25, 2022 in 6-A and 6-B Wing, Miami-Dade County Pre-Trial Detention Center). *See* DE 11.[3]

4. The United State Marshal is **INSTRUCTED** to serve the subpoena, a copy of this order, the Second Amended Complaint [DE 11] and the Court's Screening Order on Second Amended Complaint [DE 14] upon:

   **Miami-Dade Corrections and Rehabilitation Department**
   3505 NW 107 Ave.
   Doral, Florida 33178

---

[3] The Eleventh Circuit has held that "*in forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). The court may assist a *pro se* prisoner by ordering disclosure of the identity of an unnamed defendant. *Brown v. Sikes*, 212 F.3d 1205, 1209 n.4 (11th Cir. 2000) (noting "the difficulties faced by a prisoner in identifying alleged wrongdoers before filing a complaint" and directing "courts to assist prisoners in discovering the identity of the proper defendants" (citations omitted)). Plaintiff has demonstrated that failure to effect service on Defendant Marco is not due to Plaintiff's lack of diligence. *Fowler*, 212 F.3d at 1209 n.4.

    5. The Clerk shall **MAIL** a copy of this Order to Plaintiff at the address listed below.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 4th day of April, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc:    **Counsel of Record**

    **Yidareus T. McIntyre,** *PRO SE*
    210136888
    Martin Correctional Institution
    Inmate Mail/Parcels
    1150 SW Allapattah Road
    Indiantown, Florida
    34956-4397