# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### No. 23-cv-21391-RLR

Yidareus T. McIntyre,
   *Plaintiff*,

  v.

Correctional Officer A. Vital, *et al.*,
   *Defendants*.
_____/

### VICTOR MARC'S ANSWER AND AFFIRMATIVE DEFENSES

  Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Victor Marc files this Answer and asserts the following defenses and affirmative defenses to the Plaintiff's Second Amended Complaint [ECF No. 11].

### ANSWER

  1. Officer Marc admits the identifying information on page 1 of the complaint—except that his last name is "Marc," not "Marco"—but denies that the Plaintiff is entitled to any relief in this action.

  2. Officer Marc denies the allegations on page 2 of the complaint.

  3. As to pages 3 and 4 of the complaint, Officer Marc reproduces the allegations exactly as they appear in the complaint and provides answers below because the Plaintiff did not set them out in numbered paragraphs.

> **On May 25, 2022 during the 11 pm to 7 am shift around the time of 2:00 am I was a victim of an aggravated assault and battery with a deadly weapon by (Unknown Inmates) within the housing unit. (I was assaulted by 3 unknown inmates) I was (jumped by 2 inmates and stabbed by 1 inmate). The Details of this is on camera. Enough time had passed from the beginning of the altercation to the point where the officers finally came to serve breakfast to the unit. If the officers would have been making their regular scheduled 30 min check they would have known that an altercation had taken place. The officers entered the cell to serve breakfast and I informed them that I was in fear of my life and they responded by shackling me to a bench they never asked me why Im in fear of my life. I was shackled to the bench for about 20 mins in A wing which**

> is a form of punishment. The corp came to ask me to pick out an inmate card that I was in fear of at the time I couldn't remember. I sat shackled to the bench for about 15 additional mins as they continued to pass out breakfast trays.

Officer Marc is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, these allegations.

> **(Officer Marco) came and took me to B-wing and shackled me down to the bench, as I was sitting on the bench there were other inmates throwing water on me from a different cell, suffering cruel and unusual punishment.**

Officer Marc denies these allegations.

> **I sat shackled for about 20 mins until Officer Vital made his check. I informed (Officer Vital) that I was in need of medical attention and he told me to wait. I sat shackled to the bench until Officer Vital made his next scheduled check that's when I told (A. Vital) for a second time that I need medical attention and he again told me to wait which is him abandoning his perfessional duty by not inquiring the matter. I sat on the bench not knowing that I was suffering from internal bleeding for an additional (10) mins.**

Officer Marc is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, these allegations.

> **Until (Officer Marco) came and walked me to the elevator. I had assumed he was escorting me to the clinic but he was taking me to the fifth floor because the officers had relocated me rather than assist me with receiving medical attention. I began to argue with (Officer Marco) about me being in the need of serious medical attention, that I was stabbed in the chest. (Officer Marco) ignored my complaint and took me back to the sixth floor stating that he does not have time for my situation. Once re-entering the sixth floor I began to argue with the booth tech, Marco, and other officer of my serious medical need. They told me I was lying and that I should have informed them initially of my injury. The booth teach also made a statement suggesting that they may have witnessed the altercation on camera the booth tech stated "You don't have all that energy with them nyggas you was in the cell with". About (10) mins passed until another female guard assisted me to the clinic.**

Officer Marc denies these allegations.

4. As to page 5 of the complaint, Officer Marc is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations.

5. Officer Marc denies any other allegation in the complaint that he has not specifically and expressly admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. The complaint is frivolous and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The complaint should be dismissed because the Plaintiff failed to exhaust his available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq*. The Plaintiff admits that he did not appeal the denial of the grievance he filed: "I did not appeal because I felt like they stood firm on their decision based on what their sworn officers put on the report even though it's not true and would not care about my appeal I felt like it was a waste of my time." [ECF No. 8] at 14.

4. Officer Marc is entitled to qualified immunity because he acted within the scope of this discretionary authority as a correctional officer.

5. Officer Marc is entitled to qualified immunity because he did not violate the Plaintiff's constitutional rights.

6. Officer Marc is entitled to qualified immunity because the Plaintiff did not have a serious medical need.

7. Officer Marc is entitled to qualified immunity because, if the Plaintiff did have a serious medical need, he did not act with deliberate indifference to that need.

8. Officer Marc is entitled to qualified immunity because, if the Plaintiff suffered any injury, he cannot establish that Officer Marc's conduct caused that injury.

9. Officer Marc is entitled to qualified immunity because his conduct did not violate a clearly established constitutional right.

10. The Plaintiff's damages, if any, were the result, either in whole or in part, of the negligence or wrongdoing of the Plaintiff. Therefore, the Plaintiff's claims are barred or reducible to the full extent thereof.

11. The Plaintiff's damages, if any, are barred or reducible in each instance that the Plaintiff failed to mitigate damages.

12. To the extent that the Plaintiff suffered any injuries because of facts alleged in the complaint (although Officer Marc denies that the Plaintiff suffered any cognizable injury), Officer Marc is not the proximate cause of those injuries.

13. The Plaintiff's actions were superseding, intervening causes of the injuries he sustained and such causes exculpate Officer Marc.

14. Officer Marc is entitled to a set-off for all insurance, government benefits (*e.g.*, Medicaid) or other proceeds received by or paid on behalf of the Plaintiff from any third parties for any alleged injuries or damages resulting from Officer Marc's alleged conduct.

15. Officer Marc reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant Victor Marc respectfully requests that the Court dismiss the claims against him with prejudice and/or enter judgment in his favor, and award him fees and costs under 42 U.S.C. § 1988.

Officer Marc demands a trial by jury on all issues so triable.

Dated: July 17, 2024.

Respectfully submitted,

GERALDINE BONZON KEENAN
MIAMI-DADE COUNTY ATTORNEY

By: */s/ Zach Vosseler*
    Zach Vosseler, Fla. Bar No. 1008856
    Assistant County Attorney
    Stephen P. Clark Center
    111 N.W. First Street, Suite 2810
    Miami, Florida 33128
    (305) 375-5151
    zach@miamidade.gov

*Counsel for Defendant Victor Marc*

## CERTIFICATE OF SERVICE

On July 17, 2024, I electronically filed this document with the Clerk of Court via CM/ECF and sent a copy via U.S. Mail to

Yidareus T. McIntyre
Inmate No. S50859
Martin Correctional Institution
Inmate Mail/Parcels
1150 S.W. Allapattah Road
Indiantown, Florida 34956

*Plaintiff, pro se*.

*/s/ Zach Vosseler*
Zach Vosseler
Assistant County Attorney